IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

XAVIER LOVE,

                Plaintiff,

   v.

DR. HOFFMAN, FRISK, SWAN,
KRAHENBAHL, RINK, MARTIN,
SCHROEDER, and DR. HEBERLEIN,

                Defendants.

ORDER

18-cv-386-jdp

---

Plaintiff Xavier Love, appearing pro se, is an inmate at New Lisbon Correctional Institution. He alleges that prison medical staff and hospital employees failed to properly treat the torn Achilles tendon he suffered playing basketball. He brings Eighth Amendment and Wisconsin-law negligence claims against several prison officials. The state-employee defendants have filed a motion for partial summary judgment, contending that Love failed to exhaust his administrative remedies for some of his claims. Dkt. 28.

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory and applies to all inmate suits. *Woodford v. Ngo*, 548 U.S. 81 (2006); *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion requirement's primary purpose is to alert the state to the problem and to invite corrective action. *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004).

Section 1997e(a) requires "proper exhaustion," *Woodford*, 548 U.S. at 93; *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which means that the prisoner must follow prison rules when filing the initial grievance and all necessary appeals, "in the place, and at the

time, the prison's administrative rules require." *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo*, 286 F.3d at 1024. The Wisconsin Department of Corrections uses a four-step process called the Inmate Complaint Review System (ICRS) to review inmate grievances. *See* Wis. Admin. Code Ch. DOC 310.

Because exhaustion is an affirmative defense, defendants bear the burden of establishing that Love failed to exhaust his available remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007). At the summary judgment stage, they must show that there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Love was injured on December 22, 2017, and he had surgery to repair his Achilles tendon on January 19, 2018. He brings claims against defendants for failing to properly assess him and delaying in arranging for testing and surgery. He also brings claims for his postsurgical treatment: he says that defendants delayed in seeing him, failed to adequately treat his pain, and disregarded his infected incision. In their summary judgment motion, defendants contend that because Love filed his only inmate grievance about his foot injury and treatment on March 18, 2018, all his claims regarding times before that grievance should be dismissed for his failure to exhaust administrative remedies. They argue that Love failed to comply with the DOC rule stating that an inmate must filed a grievance within 14 days of the complained-about incident by filing a grievance about his presurgical issues.[1] *See* Wis. Admin. Code § DOC 310.09(6).

---

[1] More precisely, defendants say that because the Wisconsin regulations give an inmate 14 days to file a grievance, any claim having to do with events before March 4, 2018, should be dismissed.

Love concedes that he filed only one relevant grievance, the March 18 grievance mentioned by defendants.[2] That grievance discussed both his treatment before and after his surgery. I take him to be contending that there are two reasons to deny the summary judgment motion: (1) all of defendants' alleged misdeeds are part of the same continuing violation, and he need not file a grievance at the very start of that continuing violation to exhaust the earliest parts of it; and (2) the grievance examiner did not actually reject his grievance as untimely, instead ruling on the merits.

Regarding Love's first argument, case law suggests that an inmate might be able to exhaust claims going back in time if the complained-about problem is a longstanding pattern of continuing misconduct. In *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013), the court stated that grievances filed more than a year after the condition at issue began "would satisfy exhaustion," *id.* at 650 n.3, even though the administrative rules applicable in that case required grievances to be filed within 60 days after the problem is discovered. The problem for Love is that the conduct here cannot be lumped together as a "continuing violation." Defendants' delays in assessing his injury, scheduling surgery, or treating his presurgical problems are simply different types of misconduct than defendants' failure to treat his postsurgical condition.

But I conclude that Love's second argument is correct. The grievance examiner would have been within her rights to reject the portions of Love's grievance that dealt with presurgical issues as untimely, and it appears that she indeed started to do that. The examiner stated: "This

---

[2] In addition to his opposition brief, Dkt. 31, Love also filed a surreply to the motion, Dkt. 33. Surreplies are disfavored in this court and I have not granted him permission to file one. I will disregard Love's surreply.

ICE will only address things that have happened since 03/13/18 for anything further back is well past the 14 days and the inmate had every opportunity to file a complaint from date of injury up until the final date that he did submit on 03/18/18." Dkt. 30-2, at 2. But she also recounted details of his treatment starting from the date of the injury, and she ultimately discussed the merits of the presurgical claims in dismissing the grievance:

> Given that since the accident on 12/22/17 this inmate has been seen and followed closely by HSU staff and outside providers consistently. Given that the need for surgery was found by the outside provider it had to be scheduled per their schedules on the outside. DOC has no control on as to how soon they schedule a patients surgery it is all based on the surgeon's availability as well as the hospital to accommodate a DOC patient.
>
> Though the complainant says he is being denied appropriate care, in regards to the time it took for surgery it is clear from the record no such denial is, nor has taken place. He has and continues to be seen by medical staff concerning his problems, and there is no reason to believe his needs are not being met. The complainant has made it clear he is not satisfied with the care being offered to date, (surgery date, pain medications, etc.) but what type of specific care or treatment must be offered is a matter of professional medical judgment. . . . Under these circumstances, the ICE has no reason to believe the care and treatment offered is not adequate to the demonstrated need.

*Id.* at 4.

It is well established that exhaustion cannot be predicated on a grievance's procedural shortcomings if the grievance examiner overlooks the shortcomings and rules on the merits of the claim. *See, e.g.*, *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005) ("Failure to comply with administrative deadlines dooms the claim except where the institution treats the filing as timely and resolves it on the merits."); *Riccardo*, 375 F.3d at 524 ("[W]hen a state treats a filing as timely and resolves it on the merits, the federal judiciary will not second-guess that action, for the grievance has served its function of alerting the state and inviting corrective action.").

4

Because the grievance examiner here addressed the substance of Love's grievance going all the back to the date of his injury, I conclude that he has exhausted his administrative remedies, and I will deny the state defendants' motion for partial summary judgment.[3]

ORDER

IT IS ORDERED that the state defendants' motion for partial summary judgment, Dkt. 28, is DENIED.

Entered February 11, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

---

[3] There is another reason to deny the motion as it pertains to Love's state-law claims: the PLRA's exhaustion requirement apples to federal-law claims only, so defendants fail to show that any of his state-law claims, including his presurgical ones, should be dismissed for failure to exhaust.